# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2022

Lyle W. Cayce
Clerk

No. 21-60571
Summary Calendar

Benanze Bechuke Bertrand,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 476 466

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Benanze Bechuke Bertrand, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60571

Convention Against Torture (CAT). Now, he raises claims concerning due process, the BIA's adverse credibility finding as well as its conclusion that he failed to brief his withholding claim, the lack of corroborating evidence, the merits of his asylum and withholding claims, and the denial of CAT relief. Because his claims challenging due process in relation to the denial of a full and fair hearing by the IJ and the BIA's conclusion that he failed to brief his withholding claim were not raised before the BIA, we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009).

We review the BIA's decision under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA's credibility determination is supported by "specific and cogent reasons derived from the record," *see Zhang*, 432 F.3d at 344, and consideration of the record as a whole does not show that "no reasonable factfinder" could make such a determination, *see Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted); *see also Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). Because this conclusion was a sufficient basis for the BIA's decision that the IJ did not err by denying Bechuke Bertrand's requests for asylum and withholding, we need not consider his remaining arguments concerning these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Finally, he points to nothing in the record indicating that he more likely than not will be tortured with governmental acquiescence if repatriated and thus has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed eligibility for CAT relief. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Zhang*,

No. 21-60571

432 F.3d at 344.    The petition for review is DENIED in part and DISMISSED in part.